COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




SAMUEL KEITH FERTIC,


 Appellant,


v.



JOE A. SPENCER,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-05-00268-CV



Appeal from the


120th Judicial District Court


of El Paso County, Texas 


(TC# 2004-1853) 



O P I N I O N


 Samuel Fertic appeals a no-evidence and traditional summary judgment in favor of
Appellee Joe Spencer, in Mr. Fertic's breach of contract suit related to Mr. Spencer's
representation of Mr. Fertic in a criminal prosecution for murder and forgery. Mr. Fertic brings
four issues on appeal, in which he contends the trial court erred in: (1) striking his fact and
expert witnesses; (2) granting summary judgment without sufficient notice of the hearing; (3)
granting Mr. Spencer's summary judgment motion; and (4) denying him the right to a jury trial. 
We affirm.

 On January 10, 2002, attorney Joe Spencer was retained by Thomas and Maureen Fertic
to represent their son, Samuel, on charges for murder and forgery. Mrs. Fertic agreed to pay
Mr. Spencer a flat fee of $25,000 for representing her son. It is undisputed that Mr. Spencer
received the payment in full. At the time of Mr. Fertic's arrest, the El Paso Police Department
impounded his vehicle, a 1997 Ford F150, and issued a garagekeeper's lien against the vehicle in
the amount of $1,047.09. On March 1, 2002, Mr. Spencer issued a cashier's check to El Paso
Towing for release of the vehicle and billed Thomas Fertic for the same. James Boardman
executed an affidavit on March 1, 2002, in which he attested that he was given authority to claim
and take possession of Mr. Fertic's vehicle from El Paso Towing. The Fertics later reimbursed
Mr. Spencer for the expense in April 2002. On April 1, 2003, Mr. Spencer filed a motion to
withdraw as Mr. Fertic's counsel in the criminal case, claiming that Mr. Fertic made
representations that he no longer desired his services and wanted to retain alternative
representation. The trial court in the criminal case granted the motion and appointed new
counsel for Mr. Fertic.

 On April 27, 2004, Mr. Fertic filed suit against Mr. Spencer for breach of contract, breach
of fiduciary duties, legal malpractice, and violations of Texas Deceptive Trade Practices Act. 
Mr. Fertic later non-suited all his claims, except the breach of contract action. On April 26,
2005, Mr. Fertic replead his petition, asserting the breach of contract claim, and alternatively
promissory estoppel and quantum meruit theories of recovery. In his petition, Mr. Fertic claimed
that Mr. Spencer breached the contract by repudiating, improperly terminating, and refusing to
perform his obligations under the contract. Mr. Fertic asserted he was entitled to recover under
the doctrine of quantum merit because he paid Mr. Spencer $25,000 for legal representation and
an additional $1,047 for release of the impounded truck, but Mr. Fertic still did not have the
vehicle nor did he know its whereabouts. In his promissory estoppel claim, Mr. Fertic asserted
that in exchange for $25,000, Mr. Spencer promised to get Mr. Fertic released on a P.R. bond or
a low set bond, promised to recover Mr. Fertic's truck from evidence without any additional
money, promised that all charges would be acquitted within six months, and promised that
Mr. Fertic would receive medical treatment until he was bonded out. On June 10, 2005,
Mr. Spencer filed a motion for no-evidence and traditional summary judgment. The trial court
conducted a hearing on the summary judgment motion on June 30, 2005 and subsequently
granted the motion. Mr. Fertic now brings this appeal. 

 In his first issue, Mr. Fertic contends the trial court erred in striking and barring his fact
and expert witnesses. We review the trial court's decision with regard to discovery matters for
an abuse of discretion. VingCard A.S. v. Merrimac Hospitality Sys., Inc., 59 S.W.3d 847, 855
(Tex.App.--Fort Worth 2001, pet. denied). A trial court abuses its discretion if it acts without
reference to any guiding rules and principles. See Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). In other words, the reviewing court must determine whether
the trial court's action was arbitrary or unreasonable. See id. at 242. 

 On March 10, 2005, the trial court conducted a hearing on Mr. Spencer's Motion to
Compel Disclosure or In the Alternative to Strike Expert and Fact Witnesses. (1) At the hearing,
Mr. Spencer's counsel asserted that as of that date, his client had not received the information
required under the requests for disclosure, including legal theories asserted, calculation of
economic damages, and identification of fact or expert witnesses. Mr. Fertic stated that he had
already given Mr. Spencer a witness list, which appeared to be individual names on a two-page
subpoena request form. As a result of the March 10 hearing, Mr. Fertic was given thirty days to
provide responses to Mr. Spencer's discovery requests.

 On April 13, 2005, the trial court conducted a second hearing on the matter. (2) At that
hearing, Mr. Spencer's counsel acknowledged receipt of Mr. Fertic's subpoena list on March 31,
but argued that it did not satisfy the requirements of Texas Rule of Civil Procedure 194.2
pursuant to the court's order. Specifically, Mr. Spencer's counsel pointed out that Mr. Fertic's
subpoena list did not designate the individuals listed as either fact or expert witnesses, did not
give a brief statement of how each identified person was connected with the case, and did not
provide any information about what Dr. Cyril Wekt was going to testify to or in what area he was
going to serve as an expert witness. Mr. Spencer's counsel represented that he informed
Mr. Fertic of the deficiencies in his responses, namely that the response was a three page
subpoena list with names of individuals, without designation as expert or fact witnesses or any
statement as to their connection to the case. Mr. Fertic stated that he tried to the best of his
knowledge to comply with the discovery request. Mr. Fertic readily admitted that he did not fully
comply with the requested disclosures and instead provided only names, telephone numbers, and
addresses. The trial court agreed that Mr. Fertic had failed to comply with the discovery requests
sent out eight months ago nor had he remedied the issue within the thirty days provided in the
court's previous order. By the court's March 10 order, it granted Mr. Spencer's motion to strike
and bar testimony from expert and fact witnesses who were not properly disclosed in response to
the requests for disclosure. (3)

 On appeal, Mr. Fertic argues that the trial court erred because, contrary to Mr. Spencer's
assertions, he provided adequate responses to Mr. Spencer's Requests for Disclosure on
March 31. Mr. Fertic has attached his response to the disclosure request to his brief as an
appendix, however, this document is not contained in the appellate record. Mr. Fertic argues that
the trial court's act was highly prejudicial and not warranted under the circumstances. 

 Exclusion of a witness for a party's failure to timely or properly designate a witness is a
sanction available to the trial court. See Tex.R.Civ.P. 193.6. Pursuant to Tex.R.Civ.P. 215.2, a
trial court may, after notice and hearing, impose sanctions authorized by subparagraphs (1)-(8) of
Rule 215.2(b). See Tex.R.Civ.P. 215.3. The enumerated sanctions include prohibiting a party
from introducing designated matters in evidence. See Tex.R.Civ.P. 215.2(b)(4).

 The sanction imposed, however, must be just. See TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913, 917 (Tex. 1991). In determining whether imposition of a sanction is
just, the reviewing court must first determine whether a direct relationship exists between the
offensive conduct and the sanction imposed. Id. In other words, a just sanction must be directed
against the abuse and toward remedying the prejudice caused the innocent party. Id. Second, the
reviewing court must consider whether the sanction imposed is excessive - the punishment must
fit the crime. Id. A sanction imposed for discovery abuse should be no more severe than
necessary to satisfy its legitimate purposes. Id.

 It appears from the record that Mr. Fertic's failure to properly comply with the requests
for disclosure was due to his misunderstanding of the law as a pro se litigant. However, at the
first hearing and later by letter, Mr. Fertic was instructed on the deficiencies of his discovery
responses regarding his fact and expert witnesses. By April 13, Mr. Fertic had failed to comply
with the discovery requests for eight months. Mr. Fertic simply failed to heed repeated warnings. 
We conclude that the sanction imposed was just because there was a direct relationship between
Mr. Fertic's deliberate conduct in failing to properly designate his witnesses and the sanction
imposed. Further, the sanction imposed was no more severe than necessary to satisfy its
legitimate purpose, given the lengthy delay and the pending deadline for the discovery period. 
Therefore, we cannot conclude the trial court abused its discretion by striking and barring
Mr. Fertic's fact and expert witnesses. Issue One is overruled.

 In Issue Two, Mr. Fertic complains that he received insufficient notice of the hearing on
Mr. Spencer's motion for summary judgment. Mr. Spencer filed his motion for summary
judgment on June 10, 2005. The certificate of service on the motion is blank. The summary
judgment hearing was held on June 30, 2005. Mr. Spencer's counsel argued that his client had
invoked the Mailbox Rule, which allowed service as of the day of drop off in the mailbox, which
counsel stated was June 10. Mr. Spencer's counsel reminded the trial court that it had set the
hearing on June 30, which gave less than twenty-one days' notice. At the hearing, Mr. Fertic
objected to not being served twenty-four days prior pursuant to Rules166a(c) and 21 of the Texas
Rules of Civil Procedure. Mr. Fertic claimed that the envelope that was served on him at the
jailhouse was stamped June 14. He also stated that the mail clerk did not give him the envelope
until June 22.

 Except on leave of court, with notice to opposing counsel, the motion for summary
judgment and any supporting affidavits shall be filed and served at least twenty-one days before
the time specified for the hearing. See Tex.R.Civ.P. 166a(c). Rule 21a extends the minimum
notice by three days when the motion is served by mail, allowing a summary judgment motion to
be heard as early as the 21st day after it is served, or the 24th day if it is served by mail. See
Lewis v. Blake, 876 S.W.2d 314, 315-16 (Tex. 1994). However, if a party receives notice that is
untimely, but sufficient to enable the party to attend the summary judgment hearing, the party
must file a motion for continuance and/or raise the complaint of late notice in writing, supported
by affidavit evidence, and raise the issue before the trial court during the summary judgment
hearing. See May v. Nacogdoches Mem'l Hosp., 61 S.W.3d 623, 627 (Tex.App.--Tyler 2001, no
pet.); Rios v. Texas Bank, 948 S.W.2d 30, 33 (Tex.App.--Houston [14th Dist.] 1997, no writ); see
also Tex.R.Civ.P. 166a(c)(Issues not expressly presented to the trial court by written motion,
answer, or other response shall not be considered on appeal as grounds for reversal.). Mr. Fertic
appeared at the hearing and had enough time to file a motion for continuance or otherwise raise
the issue of late notice in writing before or at the hearing, but he failed to do so. Therefore, his
complaint is not preserved for our review. (4) See Nguyen v. Short, How, Frels & Heitz, 108
S.W.3d 558, 560 (Tex.App.--Dallas 2003, pet. denied)(complaint waived where party had prior
notice of hearing, but failed to object to untimely notice before submission to the trial court);
Negrini v. Beale, 822 S.W.2d 822, 823 (Tex.App.--Houston [14th Dist.] 1992, no writ)(party
waives the twenty-one day requirement "where the party received notice of the hearing, appeared
at it, filed no controverting affidavit, and did not ask for a continuance."). Issue Two is
overruled.

 In his third issue, Mr. Fertic contends the trial court erred in granting Mr. Spencer's
motion for summary judgment because there were genuine issues of fact. The standards for
reviewing traditional and no-evidence summary judgment rulings are well-established. In a
traditional summary judgment proceeding, the standard of review on appeal is whether the
successful movant at the trial level carried the burden of showing that there is no genuine issue of
material fact and that judgment should be granted as a matter of law. See Tex.R.Civ.P. 166a(c);
Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Wyatt v. Longoria, 33 S.W.3d 26,
31 (Tex.App.--El Paso 2000, no pet.). Thus, the question on appeal is not whether the summary
judgment proof raises fact issues as to required elements of the movant's cause or claim, but
whether the summary judgment proof establishes, as a matter of law, that there is no genuine
issue of material fact as to one or more elements of the movant's cause or claim. Gibbs v.
General Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970); Wyatt, 33 S.W.3d at 31. In resolving
the issue of whether the movant has carried this burden, all evidence favorable to the nonmovant
must be taken as true and all reasonable inferences, including any doubts, must be resolved in the
nonmovant's favor. Nixon v. Mr. Property Mgmt. Co., Inc., 690 S.W.2d 546, 548-49 (Tex. 
1985).

 A no-evidence summary judgment under Tex.R.Civ.P. 166a(i) is essentially a pretrial
directed verdict, and a reviewing court applies the same legal sufficiency standard. Wyatt, 33
S.W.3d at 31. The party moving for summary judgment on this basis must specifically state the
elements as to which there is no evidence. See Tex.R.Civ.P. 166a(i). The burden then shifts to
the nonmovant to produce evidence raising a fact issue on the challenged elements. Id. When
reviewing a no-evidence summary judgment, the reviewing court views the evidence in the light
most favorable to the nonmovant, disregarding all contrary evidence and inferences. Merrell
Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A no-evidence
summary judgment is improperly granted if the respondent brings forth more than a scintilla of
probative evidence to raise a genuine issue of material fact. King Ranch, Inc. v. Chapman, 118
S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence rises to
a level that would enable reasonable, fair-minded persons to differ in their conclusions. Havner,
953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is so weak as to do
no more than create a mere surmise or suspicion of a fact. Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983). Where the trial court's judgment does not specify the ground or
grounds relied upon for its ruling, the summary judgment must be affirmed if any of the theories
advanced is meritorious. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

 Mr. Fertic's petition alleged breach of contract and alternatively sought recovery under
the theories of quantum meruit and promissory estoppel. Mr. Spencer filed a hybrid motion for
traditional and no-evidence summary judgment. With regard to Mr. Fertic's breach of contract
claim, Mr. Spencer asserted he was entitled to summary judgment because there was no evidence
that he breached his contractual duties to Mr. Fertic nor evidence that he failed to perform duties
owed to Mr. Fertic pursuant to the contract entered into. With regard to Mr. Fertic's quantum
meruit claim, Mr. Spencer asserted there was no evidence that: (1) Mr. Fertic provided valuable
services or materials; (2) the services or materials were provided to him; (3) that he accepted the
services or materials; or (4) he had notice that Mr. Fertic expected compensation for the services
or materials. Mr. Spencer also asserted that Mr. Fertic had no evidence to satisfy the elements of
his promissory estoppel claim, namely, no evidence that: (1) he made a promise to Mr. Fertic;
(2) that Mr. Fertic reasonably and substantially relied on the promise to his detriment; (3)
Mr. Fertic's reliance was foreseeable by him; and (4) injustice can be avoided by enforcing the
promise. In the same motion, Mr. Spencer moved for traditional summary judgment on the
breach of contract claim, arguing that Mr. Fertic lacked standing to sue under the contract and
that as a matter of law he did not breach the contract because he was terminated by Mr. Fertic. 
Mr. Spencer also sought traditional summary judgment with regard to the quantum meruit and
promissory estoppel claims because his summary judgment evidence established the existence of
a valid express contract covering the subject matter of the case, thus Mr. Fertic was barred from
seeking to recover under either theory as a matter of law.

 In response to Mr. Spencer's motion, Mr. Fertic filed "Plaintiff's Motion for Partial
Summary Judgment" on June 27, 2005, three days before the summary judgment hearing. In that
motion, Mr. Fertic alleged that he was entitled to summary judgment because he could prove
every element of his causes of action for breach of contract, quantum meruit, and promissory
estoppel as a matter of law. At the June 30 hearing, Mr. Spencer's counsel argued that Mr. Fertic
had failed to file a response to the no-evidence motion and objected to Mr. Fertic's filed
summary judgment motion as untimely if the trial court was to construe it as a response.

 As summary judgment evidence, Mr. Spencer attached the contract entered into by
Maureen Fertic and Thomas Fertic on behalf of Samuel Fertic. In that agreement, Mr. Spencer
agreed to represent Mr. Fertic "by advising and counseling, investigating the law and the facts, by
preparing for trial and negotiating with the prosecuting attorney" and to conduct the trial for
Mr. Fertic if a trial becomes necessary, or negotiate a plea if that became advisable. The
agreement states that the flat legal fee of $25,000 did not include additional expenses, including
bail bonds or "other expenses Counsel considers necessary for the proper defense of client." The
agreement also states that "[t]he parties hereto further agree that Counsel has made no promises,
assurances or guarantees to Client as to the outcome of this case." On appeal, Mr. Fertic agrees
that there was a valid and enforceable written contract between him and Mr. Spencer.

 In his traditional summary judgment motion, Mr. Spencer asserted that Mr. Fertic was
barred from seeking to recover on the theories of quantum meruit and promissory estoppel as a
matter of law because the parties had an express contract covering the subject matter. We agree.

 Quantum meruit is an equitable remedy which does not arise out of a contract but is
independent of it. Vortt Exploration Co., Inc. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944
(Tex. 1990). A party may recover under quantum meruit only when no express contract covering
the services or materials furnished exists. Truly v. Austin, 744 S.W.2d 934, 936 (Tex. 1988). 
Therefore, as a matter of law, Mr. Fertic cannot recovery under the doctrine of quantum meruit
for the $25,000 paid for legal representation because the subject matter of this dispute is covered
by the parties' contract.

 Likewise, the parties' contract bars recovery by Mr. Fertic under the theory of promissory
estoppel as a matter of law. Although promissory estoppel is normally a defensive theory, it may
be asserted by a plaintiff as an affirmative ground for relief. See Kelly v. Rio Grande
Computerland Group, 128 S.W.3d 759, 769 (Tex.App.--El Paso 2004, no pet.); El Paso
Healthcare System, Ltd. v. Piping Rock Corp., 939 S.W.2d 695, 698 (Tex.App.--El Paso 1997,
writ denied). If, however, a valid contract between the parties covers the alleged promise, the
plaintiff cannot recover for the promise under promissory estoppel. Piping Rock Corp., 939
S.W.2d at 699; see also Subaru of America, Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212,
226 (Tex. 2002)(promissory estoppel doctrine presumes no contract exists); Fortune Prod. Co. v.
Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000)(no recovery under a quasi-contract or unjust
enrichment theory where valid express contract covers the subject matter of parties' dispute). 
Here, the parties' express contract covered the subject matter of this dispute, namely
Mr. Spencer's legal representation of Mr. Fertic against pending murder and forgery charges in
exchange for the $25,000 fee.

 Mr. Fertic, however, claims that he presented some evidence to support recovery under
the theories of quantum meruit and promissory estoppel outside the parties' contractual
agreement. Specifically, he claims the trial court erred because he presented evidence that he
provided Mr. Spencer with valuable material, such as money, for return of his car and truck and
evidence that proved his innocence of the alleged criminal offense. Mr. Fertic also states he
presented evidence of promises made by Mr. Spencer outside the written contract. To the extent
that Mr. Fertic's cause of action under these theories was unrelated to the parties' dispute arising
from the parties' valid, express contract, Mr. Fertic had the burden to bring forth more than a
scintilla of probative evidence to raise a genuine issue of material fact in order to defeat
Mr. Spencer's no-evidence summary judgment motion regarding these two theories, as well as to
the breach of contract claim. See Tex.R.Civ.P. 166a(i); Chapman, 118 S.W.3d at 751. The
record shows that Mr. Fertic failed to file a response to Mr. Spencer's no-evidence summary
judgment motion. Instead, Mr. Fertic filed his own motion for partial summary judgment. Even
if we were to construe his motion as a response, it was objected to as not timely filed and could
not be considered. See Tex.R.Civ.P. 166a(c)("Except on leave of court, the adverse party, not
later than seven days prior to the day of hearing may file and serve opposing affidavits or other
written response."). There is nothing in the record to indicate the trial court granted leave for the
late-filed response, therefore we presume the trial court did not consider it, and do not consider
the response on appeal. See INA of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985); Neimes v.
Ta, 985 S.W.2d 132, 139 (Tex.App.--San Antonio 1998, pet. dism'd by agr.). Because
Mr. Fertic failed to present any evidence in response to Mr. Spencer's no-evidence summary
judgment motion, the trial court did not err in granting summary judgment in favor of
Mr. Spencer on Mr. Fertic's asserted contract, quantum meruit, and promissory estoppel claims. 
See Tex.R.Civ.P. 166a(i). Issue Three is overruled.

 In his fourth issue, Mr. Fertic argues that he was denied his federal right to trial by a jury
in violation of the Seventh Amendment of the United States Constitution. "In Suits at common
law, where the value of the controversy shall exceed twenty dollars, the right of trial by jury shall
be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the
United States, than according to the rules of the common law." U.S. Const. amend. VII.

The Seventh Amendment relates only to trials in federal courts and therefore does not apply in
this context. See Black v. Jackson, 82 S.W.3d 44, 55 (Tex.App.--Tyler 2002, no pet.); see also
City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 719, 119 S.Ct. 1624,
1643, 143 L.Ed.2d 882 (1999); Curtis v. Loether, 415 U.S. 189, 192 n.6, 94 S.Ct. 1005, 1007 n.6,
39 L.Ed.2d 260 (1974)(Seventh Amendment does not apply to suits brought in state court). The
Texas Constitution does provide a right to trial by jury in district court. See Tex.Const. art. V,
§ 10.

 The state right to a jury trial in civil cases is not absolute, but rather is subject to certain
procedural rules. Martin v. Commercial Metals Co., 138 S.W.3d 619, 626 (Tex.App.--Dallas
2004, no pet.); Lattrell v. Chrysler Corp., 79 S.W.3d 141, 150 (Tex.App.--Texarkana 2002, no
pet.); see also Green v. W.E. Grace Mfg. Co., 422 S.W.2d 723, 725 (Tex. 1968). The function of
summary judgment is to eliminate patently unmeritorious claims and defenses, not to deprive
litigants of the right to a jury trial. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678 n.5 (Tex. 1979). The summary judgment process provides a method of terminating a case
when only questions of law are involved and there are no genuine issues of fact. Lattrell, 79
S.W.3d at 150. When a party cannot show a material fact issue, there is nothing to submit to a
jury, and the grant of summary judgment to the opposing party does not violate the constitutional
right to a jury trial. Martin, 138 S.W.3d at 627; Lattrell, 79 S.W.3d at 150. Here, Mr. Fertic
failed to present summary judgment evidence to show that there was more than a scintilla of
evidence to raise a genuine issue of material fact as to the challenge elements of his claims. See
Tex.R.Civ.P. 166a(i). Therefore, the trial court did not deny Mr. Fertic his right to a jury trial. 
Issue Four is overruled.

 We affirm the trial court's judgment.

 


April 19, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.
1. The motion has not been included in the appellate record.
2. Mr. Spencer's second motion to compel is also not included in the appellate record.
3. It is unclear from the record whether the trial court entered a second order granting the
same relief following the April 13 hearing.
4. We do note that Mr. Fertic raised the late notice issue in his motion for new trial, but 

raising a notice issue in a post-trial motion will only preserve the issue where the party is given
no notice of the summary judgment hearing or the party is deprived of its right to seek leave to
file additional affidavits or other written response. See May, 61 S.W.3d at 627.