COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CARL A. JOHANNES, | § | No. 08-07-00004-CV |
| Appellant, | § | Appeal from the |
| v. | § | 210th Judicial District Court |
| | § | |
| ACE TRANSPORTATION, INC. and EL | | of El Paso County, Texas |
| PASO ELECTRIC COMPANY, | § | (TC# 2004-3163) |
| Appellees. | § | |

**O P I N I O N**

Carl Johannes appeals the trial court's entry of summary judgment in favor of Ace Transportation, Inc. and El Paso Electric Company. Mr. Johannes argues summary judgment was not a proper disposition of his negligence causes of action, because fact issues remain regarding what duty he was owed by both entities, and whether Ace Transportation's actions were a proximate cause of his injuries.

Mr. Johannes filed his original petition in this suit on November 23, 2004. It alleged that an Ace Transportation Company employee negligently damaged an electrical pole at the intersection of Marshall and Fred Wilson in El Paso. When the electrical pole fell, it also damaged the traffic signal at the intersection. Mr. Johannes, a City of El Paso employee, was electroshocked when he tried to repair the traffic signal. In the First Amended Petition, Mr. Johannes added El Paso Electric Company as a defendant, alleging that the utility was also liable for his injuries because its employees, who were also at the intersection making repairs, failed to warn him of the potential danger related to the downed lines.

El Paso Electric Company filed its traditional motion for summary judgment on March 20, 2006. El Paso Electric offered a single ground for summary judgment, arguing that it owed no duty to Mr. Johannes, as it had no right to control the premises where he was working, and had no right to control the manner of his work. Ace Transportation filed its own traditional motion for summary judgment on May 2, 2006. Ace Transportation offered two grounds for summary judgment. First, the entity argued that it owed no duty to Mr. Johannes under Texas law. Second, the company argued that Mr. Johannes's injury was not a foreseeable result of its employee's negligence in hitting the electric pole, and therefore was not a proximate cause of the incident.

Mr. Johannes filed a single response to both motions on May 17, 2006. In response to El Paso Electric's argument that it owed him no duty, Mr. Johannes argued that under Texas law, the electric company was the premises owner and owed him the same duty as that owed by a general contractor to the employee of an independent contractor. Specifically, Mr. Johannes contended that the electric company and its employees on the scene, had a duty to warn him of the dangerous conditions about which it knew or should have known. Mr. Johannes argued that relative to the electric company, he was in the same position as a property invitee, and was owed the same duty of care.

In response to Ace Transportation's summary judgment grounds, Mr. Johannes argued only that the summary judgment evidence demonstrated that Ace Transportation's truck was a substantial factor in creating the circumstances which lead him to be at the intersection, and that the evidence also demonstrated that his injuries were a foreseeable result of the truck driver's negligence. The trial court granted both summary judgment motions on June 28, 2006.

On appeal, Mr. Johannes raises a single issue in which he argues: (1) summary judgment was improperly granted in El Paso Electric's favor because Texas Law imposes a duty on handlers of electricity to exercise a degree of care proportionate to the dangers of a fallen power line; (2) summary judgment was improperly granted in Ace Transportation's favor because the company's employee had a duty to use reasonable care in operating its vehicles, and because that employee's negligent driving was a proximate cause of Mr. Johannes's injuries.

The standards for reviewing a traditional motion for summary judgment are well established. The appellate court must determine whether the successful movant carried its burden to show there is no genuine issue of material fact, and that judgment as a matter of law was properly granted. *See* TEX.R.CIV.P. 166a(c); *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.-- El Paso 2000, no pet.). Thus, the question we must ask is not whether the summary judgment proof raises fact issues as to the required elements of the claimant's cause of action, but whether the summary judgment evidence establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of the claim. *Wyatt*, 33 S.W.3d at 31. In resolving this issue, all evidence favorable to the nonmovant must be taken as true, and all reasonable inferences, including any doubts, must be resolved in the nonmovant's favor. *Fertic v. Spencer*, 247 S.W.3d 242, 248 (Tex.App.--El Paso 2007, pet. denied).

El Paso Electric moved for summary judgment solely on the ground that it owed no duty to Mr. Johannes. In his brief, Mr. Johannes asserts that El Paso Electric's summary judgment argument must be overruled because Texas law imposes a duty of care on "handlers of electricity" to use appropriate safeguards to protect those in proximity to electric current. In response, the electric company argues that the "handler of electricity" argument was not presented to the trial

court, and has therefore been waived.

Texas Rule of Civil Procedure 166a(c) states in pertinent part: "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R.CIV.P. 166a(c); *Digby v. Texas Bank*, 943 S.W.2d 914, 927 (Tex.App.--El Paso 1997, writ denied). Both parties to a summary judgment must present all arguments, in writing, to the trial court. *Digby*, 943 S.W.2d at 927.

Mr. Johannes fails to cite us to a passage in his summary judgment response where he raised his "handler of electricity" theory as a basis for imposing a duty on the electric company. We have reviewed the response and must conclude that Mr. Johannes did not include this theory. Instead, he argued exclusively that El Paso Electric's duty flowed from its position as a premises occupier, and his relative position as an invitee. As Mr. Johannes failed to raise his "handler of electricity" theory in the trial court, we cannot consider it as a ground for reversal on appeal. *See* TEX.R.CIV.P. 166a(c); *Digby*, 943 S.W.2d at 927. Therefore, we overrule the portion of Issue One dealing with the duty element of Mr. Johannes's negligence claim against El Paso Electric Company, and affirm the summary judgment in the electric company's favor.

In the remainder of Issue One, Mr. Johannes argues primarily that a genuine issue of material fact remains regarding whether Ace Transportation's alleged negligence was a proximate cause of his injuries. Mr. Johannes contends that because the evidence demonstrates the electricity flowing from the downed power line had not been grounded at the time he was injured, the results of the transportation company's negligence was ongoing, and that electroshock was a foreseeable result of the conduct.

The components of proximate cause are cause in fact and foreseeability. *IHS Cedars*

*Treatment Cntr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Neither element can be satisfied by mere conjecture, guess, or speculation. *Id*. at 798-99. Cause in fact is established when the act or omission was a substantial factor in brining about the injuries, and without it, the harm would not have occurred. *Doe v. Boy's Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). On the other hand, cause in fact is not shown if the defendant's negligence did no more than furnish a condition which made the injury possible. *Id*. The evidence must show that the negligence was the proximate, as opposed to a remote, cause of the resulting injuries. *Id*. It must justify the conclusion that the injury was the "natural and probable result." *Id*. Even if the injury would not have happened but for the defendant's conduct, the connection between the negligent act and the injury may be too attenuated to constitute legal cause. *Id*.

Mr. Johannes argues the evidence shows that at the time he arrived at the scene, the electricity surrounding the downed pole had not been "properly grounded," and was still being conducted through the surrounding area. He concludes that the truck driver's negligent conduct in damaging the pole "had not ended" at the time he was shocked, and therefore, did more than merely create the condition in which his injury was possible. We disagree. Certainly the driver's negligence in knocking down the transmission line contributed to the situation where Mr. Johannes could be injured. However, as he now frames his argument, Ace Transportation's alleged negligence created the condition whereby the Electric Company's alleged failure to properly ground the line was but for, and proximate cause of Mr. Johannes's injuries. Ace Transportation's allegedly negligent conduct had come to a rest. Another act, by a third party, although it was put in motion by the original negligence, was the efficient cause of the injuries. In such a situation, the original negligence merely created the condition by which the second act of

-5-

negligence could occur, and the resulting harm is too attenuated from the first negligent actor's conduct to constitute the cause in fact of the claimant's injuries. *See Mason*, 143 S.W.3d at 799. Because Ace Transportation's negligence was too attenuated from Mr. Johannes's injuries to constitute a legal cause of the incident, summary judgment was properly granted on this ground.[1] Accordingly, we overrule the remainder of Issue One and affirm the summary judgment in Ace Transportation's favor.

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

April 30, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., Not Participating

---

[1] We express no opinion on Ace Transportation's summary judgment argument that it owed no legal duty to Mr. Johannes. Given our discussion of the proximate cause element there is no need to address the question of duty. In addition, as Mr Johannes's brief fails to provide any legal citation or discussion of binding authority in support of his position that Ace Transportation owed him a duty of care under Texas law, that issue has been waived. *See* TEX.R.APP.P. 38.1(h).

-6-