COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





DANIEL RANDOLPH, JR.,

                                    Appellant,

v.

TEXACO EXPLORATION AND
PRODUCTION, INC., CIGNA
PROPERTY AND CASUALTY OF
DALLAS, and DAVID K. LINE,
ATTORNEY AT LAW,

                                    Appellees. 

§
 
§
 
§
 
§
 
§

§

 §

 §


No. 08-08-00157-CV

Appeal from
 112th District Court

of Crockett County, Texas

(TC # 99-01-06153-CV)



 

 

 




O P I N I O N

            Daniel Randolph, Jr., pro se, appeals from no evidence summary judgments granted in favor
of Texaco Exploration and Production, Inc.,


 Cigna Property and Casualty of Dallas, and David K.
Line. We affirm.
FACTUAL SUMMARY
            On January 4, 1999, Randolph filed suit against several defendants, including TEPI, Cigna
Property and Casualty, and his former attorney, David K. Line, alleging numerous claims, including
negligence, gross negligence, fraud, conspiracy, employment discrimination, and violations of the
Deceptive Trade Practices Act and the Americans with Disabilities Act. On October 31, 2001, the
trial court granted summary judgment in favor of all the defendants, except for Line, and Randolph
appealed. We dismissed the appeal for want of jurisdiction because the judgment was not final given
that Randolph’s claims against Line were still pending. Daniel Randolph, Jr. v. Texaco Exploration
& Production, Inc., Sandy Khalilinia, Jack E. Weber, and Bob Mayo, No. 08-01-00513-CV, 2003
WL 1949388 (Tex.App.--El Paso, April 24, 2003, no pet.). On November 2, 2006, five years after
the trial court granted summary judgment, Randolph filed a motion to recuse the Honorable Brock
Jones, Judge of the 112th District Court. Judge Jones voluntarily recused himself stating in the
recusal order that he did so “[t]o avoid the appearance of impropriety,” and the Honorable Joseph 
Connally was assigned to the case. Judge Connally subsequently granted Line’s no evidence
summary judgment motion and Randolph filed notice of appeal. 
TEPI
            In Issue One, Randolph raises three separate arguments related to the judgment granted in
favor of TEPI.


 
No Evidence Summary Judgment
            First, Randolph argues the trial court erred in granting the no-evidence summary judgment. 
Randolph fails to discuss the standard of review applicable to this issue, provide any analysis, or cite
any relevant authority. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires that the brief
contain a clear and concise argument for the contentions made, with appropriate citations to the
authorities and to the record. Tex.R.App.P. 38.1(i). Randolph has waived this argument because
this portion of his brief does not comply with Rule 38.1(i). Torres v. GSC Enterprises, Inc., 242
S.W.3d 553, 556 (Tex.App.--El Paso 2007, no pet.).
Recusal/Disqualification
            Second, Randolph contends that the summary judgment is void because the trial judge who
heard that portion of the case, Judge Brock Jones, was partial and biased in favor of TEPI because
he engaged in written ex parte communications with counsel about the case. He also asserts that
Judge Jones was constitutionally disqualified. Judges may be removed from a particular case either
because they are constitutionally disqualified,


 because they are subject to a statutory strike,


 or
because they are recused under rules promulgated by the Texas Supreme Court.


 In re Union Pacific
Resources Company, 969 S.W.2d 427, 428 (Tex. 1998); Esquivel v. El Paso Healthcare Systems,
Ltd., 225 S.W.3d 83, 87 (Tex.App.--El Paso 2005, no pet.). The grounds and procedures for each
type of removal are fundamentally different. Esquivel, 225 S.W.3d at 87. If a judge is
constitutionally disqualified or subject to disqualification under Texas Government Code § 74.053,
any orders or judgment rendered by him are void. Id. Thus, a constitutional disqualification may
be raised at any stage of the proceedings and cannot be waived. Id. at 87-88. In contrast, the
existence of grounds for recusal of a judge does not void or nullify subsequent proceedings before
that judge and can be waived if not raised by proper motion. Id. at 87-88. 
            In 2006, Randolph filed a motion to recuse the trial judge long after this court had dismissed
Randolph’s appeal for want of jurisdiction because the summary judgment granted in favor of TEPI
and Cigna was not final. The only basis for recusal stated in Randolph’s motion was that Judge
Jones had failed to rule with respect to the remaining defendant, Line. Judge Jones voluntarily
recused himself “[t]o avoid the appearance of impropriety.” After Judge Jones’ voluntary recusal,
Randolph filed a motion to modify the judgment because the judge had allegedly engaged in an ex
parte written communication with counsel for TEPI. The record does not reflect that Randolph
obtained a ruling on his motion and there is no evidence in the record to support Randolph’s
assertions that Judge Jones was subject to recusal on grounds of partiality or bias or that he was
constitutionally disqualified. Randolph’s second argument is without merit.
The Assigned Judge
            In the third sub-part of Issue One, Randolph alleges that the judge assigned to hear the case,
Judge Connally, acted in an arbitrary and unreasonable manner and denied him a full and fair
hearing. The precise nature of Randolph’s complaint about Judge Connally is unclear from the brief
as he does not identify how the trial judge acted arbitrarily or at what point the judge denied him a
hearing. At any rate, Randolph has waived these arguments because he does not discuss the
applicable standard of review, does not provide any analysis of the issues, and does not cite any
relevant authority. Tex.R.App.P. 38.1(i); Torres, 242 S.W.3d at 556. Issue One is overruled.
CIGNA
            In the brief’s table of contents, Randolph purports to raise an issue pertaining to the summary
judgment granted in favor of Cigna but we have been unable to find any corresponding issue or
argument in the body of the brief. Because Randolph has waived any claim of error by failing to
brief it, we overrule Issue Two. See Tex.R.App.P. 38.1(i); Torres, 242 S.W.3d at 556. We affirm
the judgment granted in favor of Cigna.
DAVID K. LINE
            In Issue Three, Randolph raises multiple grounds related to the judgment granted in favor of
Line. 
No-Evidence Summary Judgment
            First, Randolph challenges the no-evidence summary judgment granted in favor of Line. 
Randolph did not file a timely response to the summary judgment motion. After the trial court
signed the order granting summary judgment, Randolph filed a motion for new trial asserting that
his original response had been lost in the mail. He also filed a summary judgment response. The
trial court denied the motion for new trial.
            Rule 166a(i) provides:
After adequate time for discovery, a party without presenting summary judgment
evidence may move for summary judgment on the ground that there is no evidence
of one or more essential elements of a claim or defense on which an adverse party
would have the burden of proof at trial. The motion must state the elements as to
which there is no evidence. The court must grant the motion unless the respondent
produces summary judgment evidence raising a genuine issue of material fact.

Tex.R.Civ.P. 166a(i). A trial court is required to grant a no-evidence motion for summary judgment
that meets the requirements of Rule 166a(i) if the respondent fails to produce summary judgment
evidence raising a genuine issue of material fact. See Tex.R.Civ.P. 166a(i). Generally, the
non-movant who fails to file a response and produce evidence is restricted to arguing on appeal that
the no-evidence summary judgment is insufficient as a matter of law. Viasana v. Ward County, 296
S.W.3d 652, 654 (Tex.App.--El Paso 2009, no pet.); see Roventini v. Ocular Sciences, Inc., 111
S.W.3d 719, 723 (Tex.App.--Houston [1st Dist.] 2003, no pet.)(when the respondent does not file
a response, the controlling issue is whether the summary judgment motion was sufficient to warrant
the no-evidence summary judgment and thus shifted the burden to the respondent to produce
evidence that raised a genuine issue of material fact). Rather than challenge the sufficiency of Line’s
summary judgment motion, Randolph points to evidence included in his late-filed response and
argues it creates a fact issue. We are unable to consider Randolph’s untimely response in passing
on this issue because the trial court did not grant leave for the late-filed response. See Fertic v.
Spencer, 247 S.W.3d 242, 250-51 (Tex.App.--El Paso 2007, pet. denied).
Ex Parte Communication
            Randolph next alleges that Judge Connally engaged in an ex parte communication with Line
on April 9, 2008. Randolph filed a written objection based on a statement in a letter from Line to
the court administrator, Cathy Carson, where counsel stated that Judge Connally had asked him to
respond to Randolph’s request for findings of fact and conclusions of law. Under Canon 3(B)(8) of
the Texas Code of Judicial Conduct, a judge is prohibited from initiating, permitting, or considering
ex parte communications concerning the merits of a pending case. Tex.Code Jud.Conduct, Canon
3(B)(8), reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. B (Vernon 2005). An ex parte
communication is one that involves fewer than all parties who are legally entitled to be present
during the discussion of any matter. Erskine v. Baker, 22 S.W.3d 537, 539 (Tex.App.--El Paso 2000,
pet. denied). The purpose behind prohibiting ex parte communications is to ensure that all legally
interested parties are given their full right to be heard under the law. In re Thoma, 873 S.W.2d 477,
496 (Tex.Rev.Trib. 1994, on appeal).
            The record does not reflect that the trial court ruled on Randolph’s objection. Therefore, his
complaint is waived. Tex.R.App.P. 33.1. Even if the issue had been preserved, the trial court’s
request that Line file a response to Randolph’s request for findings of fact and conclusions of law
does not constitute an ex parte communication about the merits of the case. This argument is
without merit.
Frivolous Pleadings
            Finally, Randolph contends that Line’s original answer and motion for summary judgment
are frivolous pleadings filed in violation of Rule 13 of the Texas Rules of Civil Procedure. Rule 13
authorizes the imposition of sanctions if an attorney files an instrument that is groundless and is
brought in bad faith or for the purposes of harassment. Tex.R.Civ.P. 13. The record does not reflect
that Randolph filed a motion for sanctions pursuant to Rule 13. Consequently, nothing is presented
for our review. Tex.R.App.P. 33.1. Issue Three is overruled. Having overruled each of the issues
presented on appeal, we affirm the judgment of the trial court. 

March 17, 2010                                                           
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.