**Ronald Gaile STEPHENS, Appellant,**

v.

**TURTLE CREEK APARTMENTS, LTD., Appellee.**

No. A14–93–00556–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 1994.

Rehearing Denied April 15, 1994.

---

Leon Burris, Houston, for appellant.

Diane Guariglia, Phillip C. Summers, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal of a summary judgment granted for appellant's failure to use due diligence in serving appellee. Appellant raises four points of error. We reverse the judgment of the trial court because appellant was not given proper notice as required by Rule 166a(c). *See* TEX.R.CIV.P. 166a(c).

Appellant, Ronald Gaile Stephens, was injured, allegedly, when he fell off a ladder on appellee's property on September 29, 1989. On September 27, 1991 appellant filed suit and requested that citation be issued on a Turtle Creek Apartments, Ltd. in Port Arthur. On March 25, 1992 appellant filed a second petition requesting service through the Secretary of State because appellant discovered that the general partner of the Tur-

tle Creek Apartments, Ltd. in Port Arthur was dead. Appellee also operates under the name Turtle Creek Apartments, but appellee is a general partnership located in Houston. It wasn't until July 8, 1992 that appellant requested service on appellee. Service was ultimately achieved on January 14, 1993.

On February 15, 1993, the trial judge ordered appellee to file a motion for summary judgment based on appellant's lack of due diligence in obtaining service of citation. The court ordered appellee to submit a motion for summary judgment by February 16, 1993, ordered appellant to file a response by February 18, 1993, and set a hearing for February 22, 1993. The trial court signed the final summary judgment order March 1, 1993.

■ Appellant, in his fourth point of error, argues that the trial court erred by not giving appellant sufficient time to respond to appellee's motion for summary judgment. Rule 166a(c) states that a motion for summary judgment "shall be filed and served at least twenty-one days before the time specified for hearing." TEX.R.CIV.P. 166a(c). The reason for the twenty-one day notice provision is to give the party opposing the summary judgment a full opportunity to respond on the merits. *Williams v. City of Angleton,* 724 S.W.2d 414, 417 (Tex.App.— Houston [1st Dist.] 1987, no writ). However, in order to preserve error for a defect in the time or manner of service of a motion for summary judgment, the non-movant must direct the trial court's attention to the defect. *Negrini v. Beale,* 822 S.W.2d 822, 823–24 (Tex.App.—Houston [14th Dist.] 1992, no writ). The objections must be in writing and before the trial court at the summary judgment hearing. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 677 (Tex.1979).

■ Appellant was not given sufficient notice of appellee's motion for summary judgment as required by Rule 166a(c). The trial court set the summary judgment hearing just six days after appellant received appellee's summary judgment motion and appellant had only two days to draft a response. Appellant complained of the short

time frame in his response to appellee's motion for summary judgment which was supported by the affidavit of appellant's attorney. In his response, appellant argued that much of the proof needed to refute appellee's summary judgment was not obtainable within the time constraints imposed by the trial court. Because summary judgment is such a harsh remedy, the notice provisions of Rule 166a(c) must be strictly construed. *Williams,* 724 S.W.2d at 417. We, therefore, sustain appellant's fourth point of error.

Because we are sustaining appellant's fourth point of error, we need not address appellant's other points of error. The judgment of the trial court is reversed and remanded in accordance with this opinion.