Opinion issued February 4, 2010












 








In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00181-CV






PAUL HATLER, Appellant


V.


MOORE WALLACE NORTH AMERICA, INC., Appellee






On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 04-CV-136214






MEMORANDUM OPINION


 Appellant, Paul Hatler, appeals the summary judgment granted in favor of
appellee, Moore Wallace North America, Inc. ("Moore Wallace"). In one issue,
Hatler contends that the trial court erred in rendering summary judgment because he
did not have adequate notice of the summary judgment proceeding.

 We affirm.

Background


 Moore Wallace sued its former employee, Paul Hatler, for breach of contract,
conversion, and unjust enrichment. Moore Wallace alleged that it had accidently
overpaid Hatler $11,943.92 in wages after Hatler resigned his employment. Moore
Wallace asserted that Hatler had refused to return the overpayment. Hatler answered
the suit, asserting a general denial of Moore Wallace's claims. On October 27, 2006, Moore Wallace filed a motion for summary judgment 
against Hatler. That same day, Moore Wallace served Hatler by facsimile and by
certified mail with a copy of the motion and with a notice of hearing. The notice
provided that the hearing was set for 21 days later on November 17, 2006. Halter did
not file a response. The trial court signed an order granting Moore Wallace's motion
for summary judgment on November 17, 2006. 

 Hatler filed a motion for new trial in which he asserted, for the first time, that
he had not received timely notice of the motion-for-summary-judgment hearing. 
Hatler pointed out that he had received only 21-days notice of the hearing. He
asserted that, pursuant to the rules of civil procedure, he was entitled to 24-days
notice. The trial court did not rule on the motion for new trial, and it was ultimately
overruled by operation of law.

 Hatler now appeals the summary judgment.

Preservation of Complaint Regarding Late Notice


 In his only issue, Hatler contends that the trial court erred in granting Moore
Wallace's motion for summary judgment. As he did in his motion for new trial,
Hatler contends that he did not receive timely notice of the summary judgment
hearing. 

A. Relevant Legal Principles

 In a summary judgment proceeding, the nonmovant is entitled to 21-days notice
of the hearing or submission. Tex. R. Civ. P. 166a(c). When the motion is served by
certified mail or by facsimile, three additional days are added to the prescribed period. 
See Tex. R. Civ. P. 21a. As a result, a nonmovant is entitled to a minimum of 24-days
notice of a hearing or of the submission date if he has been served by certified mail
or by facsimile. See Tex. R. Civ. P. 21a, 166a(c); Lewis v. Blake, 876 S.W.2d 314,
316 (Tex. 1994). The notice provision serves to provide the nonmovant with a full
opportunity to respond to the merits. See Stephens v. Turtle Creek Apartments, Ltd.,
875 S.W.2d 25, 26 (Tex. App.--Houston [14th Dist.] 1994, no writ). Nonetheless,
lack of proper notice of a summary judgment hearing is a non-jurisdictional defect
that the nonmovant can waive. See May v. Nacogdoches Mem'l Hosp., 61 S.W.3d
623, 626 (Tex. App.--Tyler 2001, no pet.); see also White v. Wah, 789 S.W.2d 312,
319 (Tex. App.--Houston [1st Dist.] 1990, no writ). 

 To preserve error, a nonmovant, who receives notice that is untimely but
sufficient to enable the nonmovant to attend the summary judgment hearing, must file
a motion for continuance or raise the late-notice complaint in writing, supported by
affidavit evidence. May, 61 S.W.3d at 626; Rios v. Texas Bank, 948 S.W.2d 30, 33
(Tex. App.--Houston [14th Dist.] 1997, no writ). The nonmovant should also raise
the issue before the trial court at the summary judgment hearing. May, 61 S.W.3d at
626; Rios, 948 S.W.2d at 33. 

 A nonmovant may not preserve a complaint that he received late notice in a
post-trial motion. See Nguyen v. Short, How, Frels, & Heitz, P.C., 108 S.W.3d 558,
561 (Tex. App.--Dallas 2003, pet. denied). A nonmovant may preserve error in a
post-trial motion only when he complains that he was not given notice of the
summary judgment hearing or that he was deprived of his right to seek leave to file
additional affidavits or other written response. See id. at 560-61; May, 61 S.W.3d at
626. 

B. Analysis

 In this case, Hatler correctly asserts that he did not receive timely notice of the
motion for summary judgment hearing. It is undisputed that he was entitled to a 24-day notice but received only a 21-day notice. Nevertheless, to preserve his complaint,
Hatler was required to file a motion for continuance or to raise the late-notice
complaint in writing before the trial court granted Moore Wallace's motion for
summary judgment. See May, 61 S.W.3d at 626; Rios, 948 S.W.2d at 33. Despite
having ample time to do so, Hatler did neither. See, e.g., Fertic v. Spencer, 247
S.W.3d 242, 247-48 (Tex. App.--El Paso 2007, pet. denied) (determining that
nonmovant had sufficient time to file written objection to late notice when nonmovant
claimed he had only 8 days notice); Mays, 61 S.W.3d at 627 (concluding that two-day
notice was adequate time for nonmovant to have filed a written objection to late
notice). Instead, Hatler raised the complaint for the first time in his motion for new
trial. Hatler's motion for new trial does not preserve his late-notice complaint. See
Fertic, 247 S.W.3d at 248 n.4 (noting that raising late notice issue in motion for new
trial did not preserve complaint); Nguyen, 108 S.W.3d at 561 (concluding that late-notice issue raised for first time in affidavit attached to motion for new trial did not
preserve error).

 We hold that Hatler did not preserve his late-notice complaint for our review. 
See Nguyen, 108 S.W.3d at 561; Mays, 61 S.W.3d at 627. We overrule his sole issue.

Conclusion 


 We affirm the judgment of the trial court. 





 Laura Carter Higley

 Justice


Panel consists of Chief Justice Radack and Justices Alcala and Higley.