**Opinion issued August 28, 2014.**



In The

# Court of Appeals

For The

## First District of Texas

_____

### NO. 01-13-00659-CV

_____

**FERNANDO VIESCA AND THE GREAT STEP CONSTRUCTION, INC.,**
**Appellants**

**V.**

**NOHEMI ANDREWS, Appellee**

_____

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-21210**

_____

### MEMORANDUM OPINION

Nohemi Andrews sued her home builder, The Great Step Construction, Inc., and its owner, Fernando Viesca, for breach of contract and warranties. After Great Step and Viesca failed to respond to requests for admissions, Andrews moved for partial summary judgment based on the deemed admissions. No response was

filed, and the trial court granted the motion. Andrews then filed a motion for entry of final judgment, in which she abandoned her remaining claims to allow the summary judgment to become final. Great Step and Viesca did not respond to that motion or participate in the hearing on the matter. The trial court granted the motion and entered judgment against Great Step and Viesca. Thereafter, Great Step and Viesca filed two motions for new trial. Both were denied. They now appeal.

Great Step and Viesca raise three issues on appeal. First, they contend that summary judgment should not have been granted because Andrews failed to give them notice of the hearing. Second, they argue that the admissions were not proper summary judgment evidence and could not support judgment against them. Third, they assert that the affidavit Andrews relied on when she moved for an award of attorney's fees was unsworn and, as a result, the trial court erred by awarding attorney's fees.

We conclude that Great Step and Viesca waived their argument that summary judgment was improper due to a lack of notice of the hearing, the trial court could base its judgment on the deemed admissions, and there was a sworn affidavit in the trial court's file to support the attorney's fee award. Because we overrule all three of Great Step and Viesca's issues, we affirm.

**Background**

Andrews contracted with Great Step to build a home for her. She alleges that she paid Great Step $259,000 of the $315,000 construction price but that Great Step neither completed the project nor paid the sub-contractors who worked on her home. Andrews states that the sub-contractors demanded payment directly from her, which she paid in addition to the money she already had paid to Great Step. Andrews sued Great Step and Viesca, asserting claims for (1) breach of contract, (2) misappropriation of construction trust funds, (3) fraud, (4) breach of the warranty of good and workmanlike performance, and (5) breach of implied warranties of merchantability and fitness for particular purpose. Andrews sought damages as well as attorney's fees.

Andrews moved for default judgment three months after she filed suit. The trial court initially granted the motion, but the default judgment was set aside when Great Step and Viesca produced a file-stamped answer marked with a timely answer date. In connection with the pre-trial activities surrounding the default judgment, the trial court ordered Great Step and Viesca to pay $400 in attorney's fees to Andrews.[1]

---

[1] Andrews asserts that the $400 attorney's fee award was granted due to Great Step and Viesca's "delays and failure to communicate with [Andrews's] counsel." She alleges that the fee award has never been paid.

In December 2012, Andrews served discovery on Great Step and Viesca, including 18 requests for admissions. A fascimile confirmation page indicates that the discovery was received. After the deadline to answer the admissions had passed without any response, Andrews moved for partial summary judgment, arguing that the elements of some of her claims had been proven through deemed admissions. The motion was filed in February 2013. The notice of hearing that Andrews served with the motion recited a hearing date that was too close to the filing date to meet the 24 days' notice required by the Rules Civil Procedure. *See* TEX. R. CIV. P. 166a(c) (requiring 21 days' notice of motion for summary judgment), 21a(c) (mailbox rule adding three days when service is by mail). Great Step and Viesca do not dispute that they were served with the motion and the deficient notice of hearing.

Andrews then filed a revised notice of submission, changing the hearing date to March 18, 2013. Great Step and Viesca contend that they were not served with this notice. There is no indication in the record that a hearing was held on the motion.

Great Step and Viesca filed nothing with the trial court during this period. They did not respond to the previously filed motion for summary judgment or move to have the deemed admissions withdrawn.

On April 5, Andrews filed an amended motion for summary judgment, again arguing that the defendants' failure to respond to the requests for admissions resulted in deemed admissions that established all necessary elements of some of her claims. Like the original notice of hearing, the notice of hearing attached to the April 5 motion had an error: it had the same date as the earlier notice of hearing—March 18—which had already passed. Great Step and Viesca assert that they were not served with this amended motion or notice of hearing.

Though the record does not contain a subsequent notice of hearing or other explanation for what transpired, the trial court held a hearing on Andrews's motion for partial summary judgment on April 19 and granted the motion. The order specifically notes that Great Step and Viesca had not responded to the motion and that the requests for admissions had been deemed admitted.

Because the summary judgment did not address all of Andrews's claims, she filed a motion for entry of judgment in which she explicitly abandoned her remaining claims and requested that a final judgment be entered after hearing. The motion was filed two and one-half weeks after summary judgment was entered; it was set for hearing five days later, on May 13. Great Step and Viesca do not dispute that they received notice of this motion and hearing date. Nonetheless, neither filed a response to the motion. There is no indication that they attended the

hearing on the motion either. The trial court granted Andrews final judgment on May 13.

Thirty days later, Great Step and Viesca filed a motion for new trial and attached to it their counsel's affidavit, which contained the following assertions:

- He did not receive notice of the filing of the April 5 motion for summary judgment;

- His review of the court's file after the fact indicated that the notice of hearing on that motion listed March 18 as the hearing date—which was a date earlier than the filing date; and

- He never received the requests for admissions that were later deemed admitted and supported the motion for summary judgment.

There is no record of a hearing on the new-trial motion; however, the trial court denied the motion on July 22. Thereafter, Great Step and Viesca filed a second motion for new trial, which was denied by operation of law.

To recount, Great Step and Viesca filed four documents with the trial court: an answer, a motion to set aside default judgment and, subsequently, two motions for new trial. They did not file a response to the motion for summary judgment, a motion to have the deemed admissions withdrawn, or a response to the motion for entry of final judgment. They also did not attend the hearing on the motion for entry of final judgment to assert that there had been service problems, to request reconsideration of the partial summary judgment, or to move to withdraw the deemed admissions that had remained unchallenged for six months.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We review the denial of a request to withdraw deemed admissions for an abuse of discretion. *Stelly v. Papania,* 927 S.W.2d 620, 621 (Tex. 1996). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or if it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

## Deemed Admissions

As an initial matter, we point out that Great Step and Viesca are not arguing on appeal that the trial court should have withdrawn the deemed admissions. Their arguments concern whether judgment should stand given the scope of the deemed admissions and the erroneous notice of hearing on the motion. However, it is relevant to our analysis of the issues Great Step and Viesca have raised on appeal to also address whether Great Step and Viesca had a viable argument to have the deemed admissions withdrawn and, relatedly, if they did have such an argument, whether they pursued it.

Deemed admissions may be withdrawn upon "a showing of good cause." *Cleveland v. Taylor*, 397 S.W.3d 683, 694 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see* TEX. R. CIV. P. 198.3. "The Texas Supreme Court has held that,

7

under special circumstances, a party may bring a request to withdraw deemed admissions for the first time in a motion for new trial." *Id.* (discussing *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005)). "However, the supreme court has also held that 'the equitable principles allowing these arguments to be raised in a motion for new trial do not apply if a party realizes its mistake before judgment and has other avenues of relief available.'" *Id.*

The Texas Supreme Court addressed waiver in *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 798 (Tex. 2008). There, Unifund served requests for admissions on Weaver, a pro se defendant. *Id.* at 797. Weaver filed discovery responses with the court, and his certificate of service indicated that the responses also were served on Unifund. *Id.* When Unifund did not timely receive Weaver's responses, it moved for summary judgment based on deemed admissions and attached as support counsel's affidavit in which he averred that the discovery responses were never received. *Id.* Weaver did not file a response to the summary judgment motion. *Id.* The trial court granted summary judgment. *Id.* Weaver, still acting pro se, then filed a motion with the trial court—which the appellate courts treated as a motion for new trial—in which he asserted for the first time that he had served Unifund with his responses as required. *Id.* The trial court did not grant Weaver relief. On appeal, the Texas Supreme Court held that Weaver waived his right to challenge the deemed admissions because Unifund's summary judgment

motion "put him on notice" that Unifund never received his discovery responses. *Id.* at 798. "Weaver knew of his mistake before judgment and could have responded to [the plaintiff's summary judgment] motion, but because he did not, he waived his right to raise the issue" post-judgment through a motion for new trial. *Id.*

Our court, likewise, has held that a party waives his argument against deemed admissions if he has notice of his failure to respond before judgment is rendered and has an avenue to seek relief from the trial court on the issue but fails to do so until after judgment. *Cleveland*, 397 S.W.3d at 695. In *Cleveland*, investor-plaintiffs served requests for admissions on the promoter-defendants. *Id.* at 689. When the promoters failed to respond by the deadline, the investors filed with the trial court a "Notice of Filing [of the] Defendant's Admissions." *Id.* The investors moved for summary judgment a couple of days later and argued that they were entitled to summary judgment based, in part, on the promoters' failure to respond timely to the requests for admissions. At a subsequent hearing on other issues, the investors' attorney stated on the record that the investors "sent requests for admissions that were never responded to." *Id.* at 691. Two months later, the investors again moved for summary judgment based on the deemed admissions. *Id.* at 692. The trial court granted summary judgment. *Id.* Only then did the promoters move to withdraw the deemed admissions and seek a new trial. *Id.* They attached

to their pleading various promoters' affidavits in which they averred that they were not aware of the requests for admissions and did not learn of them until after the trial court granted summary judgment. *Id.* The trial court denied the promoters' motions, and they appealed.

This Court held that the promoters waived their argument to withdraw the deemed admissions, pointing out several instances that gave the promoters notice of their failure to respond and noting that the promoters did not seek relief from the trial court in any of those instances. These opportunities included when the investors filed their (1) notice of deemed admissions, (2) motion for summary judgment based, in part, on the deemed admissions, (3) second motion for summary judgment, and (4) trial exhibit list which included the deemed admissions as an exhibit; as well as (5) when the investors' counsel stated on the record at a hearing and in front of promoters' counsel that the investors had served requests for admissions that were never responded to by the promoters. *Id*. at 695.

Based on that record, this Court concluded that the promoters "had notice of their mistake before the trial court rendered judgment and that they had other avenues of relief available, but that they failed to take action until after the trial court's judgment. . . . [and that, as a result, they] waived their right to challenge the deemed admissions." *Id*. In reaching this conclusion, we distinguished other cases in which a post-judgment motion was held to preserve a deemed-admissions issue.

10

In those cases, either (1) the record indicated that the party against whom the admissions were deemed was unaware of the error before judgment was rendered or (2) that party was pro se and, therefore, unlikely to have realized the procedural dangers of failing to respond to requests for admissions or related summary judgment motions. *See id.* at 695–96 (distinguishing *Marino v. King*, 355 S.W.3d 629, 632 (Tex. 2011) and *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005)).

Like the promoters in *Cleveland*, Great Step and Viesca had notice before entry of final judgment that Andrews was contending that admissions were deemed against them. For example, Andrews had filed a motion for summary judgment arguing that deemed admissions supported judgment. Great Step and Viesca do not deny receiving service of that motion on February 21, 2013. Even with notice of Andrews's contention that admissions had been deemed, Great Step and Viesca did not seek withdrawal of the deemed admissions.

Great Step and Viesca were served a copy of Andrew's motion for entry of final judgment on May 8. That motion states that the earlier motion for summary judgment had been granted and requests the trial court to enter a final judgment based on Andrews's abandonment of her remaining, unadjudicated causes of action. But Great Step and Viesca again failed to act. Indeed, there is no indication in the record that they even appeared at the May 13 hearing on the motion. Instead, they waited until after final judgment to raise—for the first time, through a post-

judgment motion for new trial—their arguments that judgment should not have been entered based on these deemed admissions.

Thus, to the extent Great Step and Viesca had an argument against the deemed admissions, their failure to raise it when given the opportunity to do so pre-judgment waived that issue. *See In re Seizure of Gambling Proceeds*, 388 S.W.3d 874, 878 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (holding that appellant waived issue whether deemed admissions should have been withdrawn when appellant elected to argue to trial court and on appeal that summary judgment based on deemed admissions was error because his responses were timely served instead of moving to withdraw deemed admissions or arguing that trial court erred by failing to withdraw them). With that context, we turn to Great Step and Viesca's first issue.

**Waiver of Challenge to Notice of Summary Judgment Hearing**

In their first issue, Great Step and Viesca contend that they did not receive notice of the filing of Andrews's summary judgment motion on April 5 or of the later-scheduled April 19 hearing date. Great Step and Viesca raised this issue for the first time post-judgment through a motion for new trial, which the trial court denied.

Rule 166a(c) of the Texas Rules of Civil Procedure states that a motion for summary judgment "shall be filed and served at least twenty-one days before the

time specified for hearing." Tex. R. Civ. P. 166a(c); *Stephens v. Turtle Creek Apts., Ltd.*, 875 S.W.2d 25, 26 (Tex. App.—Houston [14th Dist.] 1994, no pet.). "Because summary judgment is such a harsh remedy, the notice provisions of Rule 166a(c) must be strictly construed." *Id.* at 27. The reason behind this provision is to provide the nonmoving party "a full opportunity to respond on the merits." *Id.* at 26; s*ee Magnuson v. Mullen*, 65 S.W.3d 815, 824 (Tex. App.—Forth Worth 2002, pet. denied).

"[L]ack of proper notice of a summary judgment hearing is a non-jurisdictional defect that the nonmovant can waive." *Hatler v. Moore Wallace N. Am., Inc.*, No. 01-07-00181-CV, 2010 WL 375807, at *1 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.). A nonmovant who complains of less than 21 days' notice of a summary judgment hearing but admits to knowing of the hearing date before it occurs waives its defense of insufficient notice if he fails to bring the defect to the trial court's attention at or before the erroneously scheduled hearing date. *See id.*, 2010 WL 375807, at *1; *see also Nguyen v. Short*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied); *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ). A non-movant may preserve a complaint of untimely notice through a motion for continuance or in its response to the summary judgment motion. *Nguyen*, 108 S.W.3d at 560. But the non-movant waives its complaint by failing to timely alert the trial court to the

insufficient notice before the hearing date. *See Rockwell v. Wells Fargo Bank, N.A.*, No. 02-12-00100-CV, 2012 WL 4936619, at *2 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.) (finding waiver of complaint of untimely notice of hearing because appellant had actual notice of summary judgment hearing date four days beforehand yet failed to act).

By contrast, a nonmovant who receives no notice of a summary judgment hearing date can raise a lack-of-service defense post-judgment through a motion for new trial. *See Hatler*, 2010 WL 375807, at *2. In fact, he must bring the error to the trial court's attention to preserve error; the issue is waived if raised for the first time on appeal. *Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 672 (Tex. App.—Fort Worth 1996, no writ); *see Thomas v. Harvest Credit Mgmt., LLC*, No. 05-07-00186-CV, 2008 WL 2585322, at *2 (Tex. App.—Dallas July 1, 2008, no pet.) (mem. op.).

The difference in treatment of the two scenarios hinges on knowledge of a procedural error and the ability to bring it to the trial court's attention for correction before judgment. *See Hatler*, 2010 WL 375807, at *1; *Nguyen*, 108 S.W.3d at 560. Under the first scenario involving inadequate notice, the nonmovant receives notice of the procedural error and has the ability to bring the matter to the trial court's attention before judgment is entered. *See Nguyen*, 108 S.W.3d at 560 (refusing to allow party to "lie behind the log" and wait until post-

14

judgment to complain of inadequate service). Under the second scenario in which there was no notice of the summary judgment hearing, the movant generally does not have an opportunity to complain of the error until after judgment is granted, making a post-judgment new-trial motion the only practical vehicle for asserting error. *See, e.g.*, *Thomas*, 2008 WL 2585322, at *2. But that was not the case for Great Step and Viesca. They had several opportunities to bring the allegation of error to the trial court's attention before final judgment was entered, yet failed to do so.

After Andrews obtained a partial summary judgment based on the deemed admissions, she filed a notice with the trial court that she was abandoning her remaining causes of action and moving for entry of final judgment. Great Step and Viesca do not dispute that they received notice of that filing alerting them to the May 13 hearing date. Great Step and Viesca did not file a response to the motion claiming to not have been informed of the summary judgment hearing date. They did not appear at the hearing on the motion for final judgment to argue it would be improper due to procedural errors. They took no steps to seek relief from the final judgment that would result if Andrews's motion were granted.

Furthermore, Great Step and Viesca cannot reasonably argue that they were unaware of the procedural context or the need to take action to preserve their right to assert a defense in the litigation. They admittedly already had been served with

15

(1) a motion for summary judgment—three months before entry of the final judgment—alerting them that discovery was unanswered and admissions were deemed, (2) notice that the summary judgment had been granted, and (3) notice of an upcoming hearing date on the motion for entry of final judgment. Yet they did nothing until final judgment was entered.

The hearing on the motion for entry of final judgment afforded Great Step and Viesca an opportunity analogous to the one nonmovants must seize to avoid waiver in the context of deemed admissions and inadequate notice of summary judgment hearings. *Cf. Weaver*, 262 S.W.3d at 798 (waiver of withdraw of deemed admissions). To hold otherwise would be to allow Great Step and Viesca to sit silently for three months[2] and allow a final judgment to be entered against them when they had notice and opportunity to permit the trial court to correct any procedural errors pre-judgment.[3]

---

[2] The initial motion for summary judgment was served on the defendants in February 2013 and provided notice of deemed admissions. The hearing on the motion for entry of final judgment occurred in May 2013. Defendants had notice of both.

[3] An assertion of lack of notice raises due process concerns under the Fourteenth Amendment to the federal constitution. *Peralta v. Heights Med. Ctr.*, 485 U.S. 80, 84–85, 108 S. Ct. 896, 899 (1988). The constitutional implications do not alter our analysis because constitutional claims, like others, can be waived if not timely raised. TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a *timely* request, objection, or motion . . . ." (emphasis added)); *see In re L.M.*I, 119 S.W.3d 707, 711 (Tex. 2003) (discussing waiver of constitutional

16

Under the specific facts presented here, in which there were ample opportunities before final judgment was entered for the non-movants to argue that they were not given notice of a summary judgment hearing, we conclude that Great Step and Viesca's failure to raise the issue until after final judgment was entered waived their right to complain of the error on appeal. Because the issue is waived, we overrule issue one.

### Challenges based on Failure of Admissions to Support Judgment

In their second issue, Great Step and Viesca contend that the deemed admissions did not support summary judgment because either (1) some admissions became "moot" when Andrews abandoned some of her causes of action to allow the partial summary judgment to become final or (2) the requests for admissions inappropriately involved purely legal issues.

A.      **Deemed admissions did not become "moot"**

Great Step and Viesca had 18 admissions deemed against them. They argue on appeal that Andrews's "abandonment of causes of action . . . rendered all but three deemed admissions moot." Great Step and Viesca fail to cite any authority to support their contention that a narrowing of claims by dropping causes of action eviscerates portions of the parties' pre-trial discovery, making it no longer admissible against the answering party. *See* TEX. R. APP. P. 38.1(i) (requiring

claims); *cf. Smith*, 918 S.W.2d at 672 (noting that lack-of-notice contention can be waived if not brought timely).

appellate brief to include appropriate citations to authorities and to the record); TEX. R. CIV. P. 198.3 (providing that admissions are admissible against answering party unless that party "shows good cause for the withdrawal or amendment" of its answers). We find no authority to support that proposition either. Andrews's abandonment of some causes of action to allow the partial summary judgment to become final did not "moot" Great Step and Viesca's deemed admissions. Absent a successful effort to withdraw the deemed admissions, they remained in effect and admissible against the party who failed to deny the matter in question. *See* TEX. R. CIV. P. 198.3.

**B.     Deemed admissions supported summary judgment**

Great Step and Viesca next argue that the deemed admissions were improper summary judgment evidence because they "embrace the fundamental legal issues to be tried."

Requests for admissions were "never intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Stelly*, 927 S.W.2d at 622. The Texas Supreme Court has held that "when admissions are deemed as a discovery sanction to preclude a presentation of the merits, they implicate the same due process concerns as other case-ending discovery sanctions." *Marino*, 355 S.W.3d at 632; *see also Wheeler*, 157 S.W.3d at 443. Thus, in *Wheeler*, the Texas Supreme Court held that "absent flagrant bad

18

faith or callous disregard for the rules, due process bars merits-preclusive sanctions . . . ." 157 S.W.3d at 443; *see also Marino*, 355 S.W.3d at 633.

Great Step and Viesca do not deny receiving notice that Andrews was asserting that admissions were deemed, that she was seeking summary judgment based on the deemed admissions, or that summary judgment had been granted. They were afforded an opportunity to raise their complaints at the hearing on the motion for entry of final judgment. Additionally, the rules provided them other avenues to seek relief from the trial court during the three-month period between notice of the deemed admissions and the final judgment, including a Rule 198.3 motion to withdraw the deemed admissions and a motion to reconsider the grant of the partial summary judgment. TEX. R. CIV. P. 198.3, 166a. Great Step and Viesca disregarded the information available to them and the opportunities the rules provided for them to raise their complaints. Further, there is no indication that Great Step or Viesca ever responded to any other discovery requests, informally sought an agreement to set aside the deemed admissions, or pursued any discovery in support of a defense on the merits.

Instead, they silently acquiesced to entry of a final judgment. *Compare Marino*, 355 S.W.3d at 633 (concluding that pro se nonmovant had not shown callous disregard of rules when her discovery responses were only one day late and she had sent a letter to movant's counsel notifying him when she would provide

19

her responses) *with Bernstein v. Adams*, No. 01-12-00703-CV, 2013 WL 4680396, at *4 (Tex. App.—Houston [1st Dist.] Aug. 29, 2013, no pet.) (mem. op.) (affirming summary judgment based on admissions that appellants never submitted responses—even late responses—to requests for admissions or summary-judgment motion and knowingly failed to appear at hearing, which indicated "conscious[] indifferen[ce] to the deadlines and consequences [they] imposed") *and Williams v. Am. First Lloyds Ins.*, No. 02-12-00318-CV, 2013 WL 2631141, at *4 (Tex. App.—Fort Worth June 13, 2013, pet. denied) (mem. op.) (allowing judgment to stand based on requests for admissions that asked appellant to admit legal conclusions because appellant never served answers to discovery, moved to withdraw deemed admissions, or explained reasons for those failures).

The rules of civil procedure are in place to allow a just adjudication of the parties' rights "attained with as great expedition" as practical. TEX. R. CIV. P. 1. Under the facts of this case, because Great Step and Viesca ignored multiple opportunities afforded them by the rules to timely address these issues, and considering the delays, waste of judicial resources, and hardship to Andrews that would result if this case were begun anew, we conclude that they have demonstrated a callous disregard of the rules sufficient to permit judgment based on these merit-based deemed admissions.

Accordingly, we overrule appellants' second issue.

**Unsworn Affidavit in Support of Attorney's Fee Award**

In their third issue, Great Step and Viesca contend that the trial court erred by awarding attorney's fees to Andrews because her counsel's affidavit attached to the motion for summary judgment filed on April 5 was unsworn. Appellants are correct that the copy of the affidavit filed along with the April 5 summary judgment motion was not signed by counsel. However, an identical affidavit was filed with Andrews's initial summary judgment motion in February, and that affidavit is signed and notarized.

A trial court may take judicial notice of the content of its file, including prior pleadings. *Alpert v. Crain, Caton & James, P.C.*, 178 S.W.3d 398, 412 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The conforming affidavit already in the court's file was adequate to support the award of $12,413 in attorney's fees. *See id.* Therefore, the trial court did not err by awarding Andrews attorney's fees of $12,413. We overrule appellants' third issue.

**Conclusion**

Unlike the typical lack-of-service scenario in which a party has no opportunity to alert the trial court to an error or seek relief until post-judgment, we have concluded that, in this case, Great Step and Viesca had opportunities to raise their lack-of-service argument (and underlying evidentiary issues) to the trial court by filing a response to the motion for entry of final judgment or attending the

hearing on the motion. Because they did not avail themselves of any of those opportunities, we hold that Great Step and Viesca have waived error.

Having overruled all three of Great Step and Viesca's issues on appeal, we affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.