# NO. 12-21-00103-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHARON WORTHY AND DENNIS WORTHY,* *APPELLANTS* | § | *APPEAL FROM THE 354TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *DAWN FRENCH, MICHAEL FRENCH, PAUL TIBBETS, CARLA BYRD AND SIGNATURE PROPERTIES, LLC,* | | |
| *APPELLEES* | § | *RAINS COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Sharon Worthy and Dennis Worthy appeal the summary judgments rendered against them in favor of Dawn French and Michael French (the Frenches), and Paul Tibbets, Carla Byrd, and Signature Properties, LLC (the Realtors). They present three issues on appeal. We reverse and remand.

### BACKGROUND

In July 2020, the Worthys offered to purchase the Frenches' house in Emory, Texas. As part of the offer, the Worthys included a loan pre-approval letter from their lender. The letter stated that the Worthys qualified for a loan based on a sales price of $450,000, with a maximum loan-to-value ratio of 80%. It also specified that the property would have to appraise for no less than the purchase price. The Frenches accepted the Worthys' offer, and the parties executed a real estate contract for a total purchase price of $490,000, payable by $98,000 in cash at closing and the remainder via third-party financing. The contract contained a Third-Party Financing Addendum, which included the following paragraph:

B. PROPERTY APPROVAL: If Buyer's lender determines that the Property does not satisfy lender's underwriting requirements for the loan (including but not limited to appraisal, insurability, and lender required repairs) Buyer, not later than 3 days before the Closing Date, may terminate this contract by giving Seller: (i) notice of termination; and (ii) a copy of a written statement from the lender setting forth the reason(s) for lender's determination. If Buyer terminates under this paragraph, the earnest money will be refunded to Buyer. If Buyer does not terminate under this paragraph, Property Approval is deemed to have been obtained.

The Worthys delivered $4,000 in earnest money to the title company to be held in escrow.

The appraisal was completed on August 14, 2020. It valued the property at $440,000, which is $50,000 less than the purchase price. As a result, the lender denied financing to the Worthys. According to the Worthys, Sharon sent a copy of the appraisal to the Frenches on August 17. Sharon also claims she sent the Frenches a notice of termination and the lender's denial letter.

The notice of termination was prepared by the Worthys' real estate agent, Byrd.[1] When preparing the termination notice, Byrd checked the box indicating that the contract was being terminated pursuant to the appraisal addendum. The contract did not contain an appraisal addendum. Byrd should have checked the box indicating that the contract was being terminated pursuant to the financing addendum.

The Worthys demanded the earnest money be released by the title company and returned to them. The Frenches refused to return, or have the title company release, the earnest money, claiming the contract was not properly terminated under the financing addendum and that they never received an explanation letter from the lender.

After the Frenches refused to release or return the earnest money, the Worthys filed suit against the Frenches and the Realtors in September 2020. The Worthys asserted a claim for breach of contract against the Frenches. They asserted a claim against the Realtors for professional negligence for failure to prepare an accurate termination notice and failure to protect the Worthys' interests. Both the Realtors and Frenches filed answers. The Frenches further counterclaimed for breach of contract. In February 2021, the Frenches filed a traditional motion for summary judgment and a no-evidence motion for summary judgment. The traditional motion argued that the Worthys breached the contract, which entitled the Frenches to the earnest money.

---

[1] The Worthys were represented in the real estate transaction by Signature Properties, LLC and one of its agents, Byrd. The Frenches were also represented by Signature Properties; however, they had a different agent, Linda Burns. Tibbets was Byrd's and Burns's supervisor.

The no-evidence motion urged that the Worthys had no evidence that they performed under the contract, the Frenches breached the contract, or the Worthys suffered damages.

The Worthys moved to compel the depositions of the Frenches and to continue any hearing on the Frenches' motions until the end of discovery and mediation. On March 8, the trial court denied the continuance, and the Worthys withdrew their motion to compel. During the hearing, the trial court advised the parties that it would hear all summary judgment motions by submission on April 1. On March 24, the Realtors filed no-evidence and traditional motions for summary judgment and a motion for sanctions. The Worthys objected to the Realtors' motions, arguing that they were not allotted the necessary twenty-one days' notice. The trial court granted both the Frenches' and the Realtors' summary judgment motions without specifying the grounds. It further ordered the Worthys pay $6,500 in attorney's fees as sanctions to the Realtors. This appeal followed.

## MOTIONS FOR SUMMARY JUDGMENT

In their first and second issues, the Worthys argue the trial court erred in granting the Frenches' motions for summary judgment and the Realtors' motions for summary judgment.

### Standard of Review

Because the grant of a summary judgment is a question of law, we review the trial court's summary judgment decision de novo. *See **Ft. Worth Transp. Auth. v. Rodriguez***, 547 S.W.3d 830, 837 (Tex. 2018).

In this case, the Frenches and the Realtors each moved for a no-evidence summary judgment. *See* TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence, but the movant need not produce any proof in support of its no-evidence claim. ***DeGrate v. Exec. Imprints, Inc.***, 261 S.W.3d 403, 407 (Tex. App.—Tyler 2008, no pet.). A no-evidence summary judgment motion is properly granted if the nonmovant fails to bring forth more than a scintilla of evidence to raise a genuine fact issue as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. ***Id***.; *see **Merrell Dow Pharm., Inc. v. Havner***, 953 S.W.2d 706, 711 (Tex. 1997).

The Frenches and the Realtors each also moved for traditional summary judgment. To be entitled to a traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each

element of an affirmative defense. *Priddy v. Rawson*, 282 S.W.3d 588, 592 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). When reviewing a summary judgment, we "must examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993).

When a party moves for both traditional and no-evidence summary judgment, and the determination of the no-evidence summary judgment could make the grounds asserted in the traditional motion moot, we first review the trial court's ruling under the no-evidence standard of review. *See Merriman v. XTD Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the trial court properly granted the no-evidence motion, we do not consider the complaints raised regarding the traditional summary judgment motion. *Ridgway*, 135 S.W.3d at 600.

## The Frenches' Motions

The Worthys urge that summary judgment was improperly granted on the Frenches' breach of contract claim.

The elements a of breach of contract claim are: "(1) a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach." *Richter v. Wagner Oil Co.*, 90 S.W.3d 890, 898 (Tex. App.—San Antonio 2002, no pet.). In their motions for summary judgment, the Frenches contend there is no evidence of the last three elements of the Worthys' claim.

The Frenches assert that the Worthys had not performed under the contract because they wrongfully terminated the contract. Specifically, they maintain that the termination notice wrongfully referenced a non-existent appraisal addendum. The Frenches further urge the Worthys failed to comply with the financing addendum's requirements by failing to provide the Frenches with "a written statement from [their] lender setting forth the reason(s) for the lender's determination" that the property did not meet the underwriting requirements. The Worthys claim they did provide such a letter.

4

Along with their response to the Frenches' motion, the Worthys included an affidavit from Sharon. In that affidavit, Sharon testified to the following:

> During preparations to close earlier, Plaintiffs' lender notified Dennis and I that the Property did not appraise for the sales price, and consistent with the Pre-Approval Letter, our lender denied the financing to purchase the Property at the sales price. In accordance with the Contract and Section 2.B. of the Financing Addendum, on August 17, 2020, I timely provided Defendants notice of Property's failure to appraise for the sales price and sent Defendants the Property's appraisal and lender denial letter as well as notice of termination.

Copies of the appraisal letter and the lender's denial letter were attached to Sharon's affidavit. The appraisal was performed on August 14 by Glenda L. Duncan of Treehouse Appraisals for First Financial Bank, NA of Waxahachie. Duncan's appraisal is dated August 15, 2020, and values the property at $440,000. The Worthys' denial letter is dated August 13 and was issued by Fairway Independent Mortgage Corporation, the same company that provided the loan pre-approval letter. The denial letter indicates that the appraisal of $440,000 is insufficient and the lender is denying financing.

To defeat the no-evidence summary judgment, the Worthys had to produce more than a scintilla of evidence that they tendered performance or attempted to perform under the contract. *See DeGrate.*, 261 S.W.3d at 407. If the Worthys properly terminated the contract, it necessarily follows that the Frenches breached the contract and damaged the Worthys by failing to release the earnest money. Sharon's affidavit unequivocally states that she provided the notice of termination and the lender's denial letter to the Frenches three days prior to closing. And she attached copies of both the notice and the denial letter to the summary judgment response. Even though the denial letter predates the appraisal and may be from a different lender, Sharon's affidavit testimony is more than a scintilla of evidence to support the Worthys' claim that they properly terminated the contract.[2] *See Havner*, 953 S.W.2d at 711; *see also DeGrate*, 261 S.W.3d at 407; TEX. R. CIV. P. 166a(i). Therefore, the trial court erred in granting the no-evidence summary judgment.

The Frenches also moved for traditional summary judgment arguing that they conclusively established their counterclaim for breach of contract. In their motion, the Frenches argued the Worthys breached the contract by attempting to terminate the contract "pursuant to an

---

[2] The record is silent as to the relationship, if any, between First Financial Bank, NA, and Fairway Independent Mortgage Corporation. Nevertheless, the Worthys provided evidence that they were denied financing.

appraisal addendum the contract did not contain." They further claim the Worthys "made no attempt to comply with any of the requirements of the financing addendum termination provisions." In support of their motion, the Frenches attached copies of the documents they received and Dawn's affidavit. In her affidavit, Dawn contradicts Sharon's affidavit attached to the summary judgment response. Specifically, Dawn testified that the termination did not include a copy of the lender's denial letter. She further testified, "The Worthys have never provided us with the written statement from their lender explaining why the property did not satisfy the lender's underwriting requirements." The Frenches urge that because the denial letter predates the appraisal and is from a different financing company than the company listed on the appraisal makes the documents amount to "no evidence" that the Worthys sent a denial letter. The Worthys respond that this creates a fact issue.

When deciding whether a material fact issue exists precluding summary judgment, we must take evidence favorable to the non-movant as true and indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Sysco Food Servs. Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994). Therefore, we must accept Sharon's affidavit and the facts stated within it as true and indulge every reasonable inference in its favor. The discrepancies in the affidavit's exhibits lend themselves to plausible explanations, such as the denial letter is incorrectly dated, which should be explored via discovery or trial testimony. Furthermore, it is the jury's role to judge the credibility of witnesses, assign the weight afforded to their testimony, and resolve inconsistencies within or conflicts between witnesses' testimonies. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). If the credibility of the affiant is likely to be a dispositive factor in the resolution of the case, then summary judgment is inappropriate. *Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989). Therefore, the trial court erred in granting the Frenches' traditional motion for summary judgment.

Because the trial court erred in granting the Frenches' no-evidence and traditional motions for summary judgment, we sustain the Worthys' first issue.

**The Realtors' Motion**

In their second issue, the Worthys contend the trial court erred in failing to adhere to the 21-day notice requirement contained in Texas Rule of Civil Procedure 166a.

A motion for summary judgment must be filed and served at least twenty-one days before the time specified for the hearing. TEX. R. CIV. P. 166a(c). The nonmovant's response must be

filed not later than seven days prior to the date of the hearing. *Id*. By requiring the nonmovant to file its response seven days before the hearing, Rule 166a presupposes that the nonmovant has had at least fourteen days to obtain and file summary judgment evidence to rebut the movant's evidence. *City of Dallas v. Cont'l Airlines, Inc.,* 735 S.W.2d 496, 500 (Tex. App.—Dallas 1987, writ denied). The reason for the notice provision is to give the nonmovant a full opportunity to respond on the merits. *See* *Stephens v. Turtle Creek Apartments, Ltd.,* 875 S.W.2d 25, 26 (Tex. App.—Houston [14th Dist.] 1994, no writ). Nonetheless, Rule 166a provides that the trial court may allow filings even though they are not within the time requirements. *City of Dallas,* 735 S.W.2d at 500. If a party receives notice that is untimely, but sufficient to enable the party to attend the summary judgment hearing, the party must file a motion for continuance and/or raise the complaint of late notice in writing and raise the issue before the trial court during the summary judgment hearing. *May v. Nacogdoches Mem'l Hosp.,* 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.). Further, the appellant must show harm from the lack of sufficient notice in a summary judgment proceeding. *Cunningham v. Zurich Am. Ins. Co.,* 352 S.W.3d 519, 531 (Tex. App.—Fort Worth 2011, pet. denied).

In response to the Frenches' motions for summary judgment, the Worthys filed a motion for continuance. At the hearing on that motion on March 9, 2021, the trial court stated:

> All right. I will review this case by submission for Motions for Summary Judgment on April the 1st at 9 o'clock. Have all of your documents submitted before then that you want me to review. I don't need to hear oral arguments on it.

At that time, the Realtors had not filed a motion for summary judgment.

Subsequently, the Realtors filed both traditional and no-evidence motions for summary judgment on March 24, which was only eight days prior to the submission date set by the trial court. On March 30, the Worthys filed objections to the summary judgment motions and argued that the motions were untimely under the notice requirements of Rule 166a, their due process rights were violated by the late filing, and they lacked adequate time to meaningfully review and respond to the motions. As a result, the Worthys did not file a response to either the no-evidence motion or the traditional motion.

The Worthys were not given sufficient notice of the Realtors' motions for summary judgment as required by Rule 166a(c). The trial court's summary judgment submission date was

scheduled for a mere eight days after the Realtors filed their summary judgment motions and the Worthys had only one day to timely respond under Rule 166a(c). The Worthys complained of the short time frame via objections. *See Clarent Energy Servs. Inc. v. Icon Bank of Tex., N.A.*, No. 01-18-00854-CV, 2019 WL 5792190, at *3 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.) (objections need not be verified or accompanied by affidavit). Because summary judgment is such a harsh remedy, the notice provisions of Rule 166a(c) must be strictly construed. *Williams v. City of Angleton,* 724 S.W.2d 414, 417 (Tex. App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Therefore, we sustain the Worthys' second issue.

## SANCTIONS AWARD

In their third issue, the Worthys urge the trial court erred in awarding sanctions to the Realtors. However, because we reverse the trial court's grant of the summary judgment motions, this necessarily includes the sanctions award. *See In re Holman*, No. 12-21-00145-CV, 2021 WL 5237945, at *10 (Tex. App.—Tyler Nov. 10, 2021, orig. proceeding) (mem. op.); TEX. R. CIV. P. 13 (sanctions apply to groundless claims). Therefore, we sustain the Worthys' third issue.

## DISPOSITION

Having sustained the Worthys' first, second, and third issues, we *reverse* the trial court's judgment and sanctions award and *remand* the case for further proceedings consistent with this opinion.

**BRIAN HOYLE**
Justice

Opinion delivered January 26, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 26, 2022**

**NO. 12-21-00103-CV**

**SHARON WORTHY AND DENNIS WORTHY,**
Appellants
V.
**DAWN FRENCH, MICHAEL FRENCH, PAUL TIBBETS, CARLA BYRD AND
SIGNATURE PROPERTIES, LLC,**
Appellees

---

Appeal from the 354th District Court
of Rains County, Texas (Tr.Ct.No. 10956)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; all costs of this appeal are hereby adjudged against the Appellees, **DAWN FRENCH, MICHAEL FRENCH, PAUL TIBBETS, CARLA BYRD AND SIGNATURE PROPERTIES, LLC,** and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*